EDGAR H. WOODS ET AL. v. JANE CAMPBELL ET AL.

HOMESTEAD.  *Mortgage.  Failure of wife to join.  Redemption.  Statutes of limitations.  Code 1892, § § 2730, 2732.  Amendment.  Time. Equity.*

In an action by the heirs of a grantor in a deed of trust upon his homestead, void by reason of his wife's failure to join in its execution, to recover possession of the land from those claiming under the grantee, who took possession on foreclosure of the trust deed :

(*a*) The statute of limitations, Code 1892, § 2732, prescribing a limitation for suits to redeem from mortgages, has no application, the only statute of limitation applicable being Code 1892, § 2730, barring suits after ten years where defendants have held lands adversely ; and

(*b*) An application to amend the answer on the ground of newly-discovered evidence, made after decree for complainants, alleging that an original defendant, as to whom the suit had been dismissed, would show that the grantor had abandoned the property as his homestead before the execution of the trust deed, and was at the time living on another place, was properly disallowed, as coming too late and because, by the exercise of diligence, defendants could have known the facts before ; and

(*c*) The doctrine that he who seeks equity must do equity does not require complainants to tender with their bill payment of the debt owed by the grantor, the homestead having been exempt from all debts not lawfully charged against it.

FROM the chancery court of Kemper county.

HON. JAMES F. McCOOL, Chancellor.

Mrs. Campbell and others, appellees, heirs of Albert Dozier, deceased, were complainants in the court below; Woods and others, appellants, were defendants there.    The object of the bill was to remove clouds from title to lands.    From a decree in complainants' favor the defendants appealed to the supreme court.

In his lifetime Albert Dozier was the owner of the property in controversy, and according to the allegations of the bill, while

occupying it with his wife as a homestead, being the head of a family, having a wife and several children, among whom are complainants, he executed a trust deed on the premises in favor of H. Woods, Jr.; but his wife did not join him in the execution of said trust deed.    Dozier afterwards died intestate.    The debt which the trust deed was given to secure not being paid, the trustee foreclosed, and H. Woods, Jr., became the purchaser and entered upon the premises, and he and his heirs continued in possession of same for a period of more than ten years.    After the death of H. Woods, Jr., who died intestate, his children (appellants here) continued to assert claim to the property, which was occupied at the time of the filing of this bill by one Pierce, who was joined as defendant; but the suit as to him was afterwards dismissed.    At the time of the filing of this suit Caroline Dozier, the widow of Albert Dozier, deceased, and Henderson Dozier, their oldest son, were barred by the statute of limitations from bringing suit, more than ten years having elapsed since H. Woods, Jr., had entered into possession of the property, and since Henderson Dozier became of age; but those heirs of Albert Dozier, deceased, who had become of age within less than ten years before the beginning of this suit filed their bill praying that the claim asserted by the defendants be canceled, and that the property be sold by a commissioner to be appointed by the court, and the proceeds of said sale distributed among said children, basing their claim upon the failure of their mother, Caroline Dozier, to join her husband in the execution of the trust deed under which defendants claim.    The defendants admitted that Albert Dozier was the head of a family and died in possession of the property in controversy, but contended that complainants do not offer to do equity by tendering the amount secured by the trust deed, and set up also as a defense Code 1892, § 2732, which is as follows:

"When a mortgagee, after condition broken, shall obtain the actual possession or receipt of the profits or rent of land em-

braced in his mortgage, the mortgagor, or any person claiming through him, may not bring a suit to redeem the mortgage but within ten years next after the time at which the mortgagee obtained such possession or receipt, unless, in the meantime, an acknowledgment of the title of the mortgagor, or of his right of redemption, shall have been given in writing, signed by the mortgagee or the person claiming through him; and in such case a suit may not be brought but within ten years next after the time at which such acknowledgment—or the last of such acknowledgments, if more than one—was given. But such acknowledgment shall be effectual only as against, and to the extent of the interest of, the party signing it." [No savings for infants.]

The court below found for the complainants and ordered the property sold. Afterwards the defendants asked leave to amend their answer on the ground of newly-discovered evidence, alleging that Pierce, the defendant against whom the proceeding had hitherto been dismissed, could show that Albert Dozier had abandoned the property in controversy as his homestead before the execution of the trust deed and was at the time of the execution of said trust deed living on another place. The court declined to permit this amendment.

*Neville & Wilbourn,* for appellants.

The bill shows on its face that H. Woods, Jr., ancestor of appellants, the beneficiary in the deed of trust from Albert Dozier to said H. Woods, Jr., of date April 19, 1882, took possession of the entire premises soon after the death of Albert Dozier, which occurred in May, 1886, and that said H. Woods, Jr., who is alleged to have died in 1903, and his heirs, the appellants, had and obtained all the rents and profits of the same from and including the crop of 1886. Under this allegation of the bill, therefore, H. Woods, Jr., ancestor of appellants, was a mortgagee in possession after condition broken from 1886 to 1903—a period of about seventeen years. Appellees were,

therefore, barred by Code 1892, § 2732.   This statute has no saving clause in favor of persons under disability or minority, and applies without reference to the infancy of any of the heirs of Albert Dozier, deceased.   Nor is there any statute of our state that creates any saving in favor of infants in this state of case.   Code 1892, § 2732, is the same as Code 1880, § 2666, with some slight and immaterial variation in verbiage, and we submit that it applies with full force to the case at bar, and that the demurrer to the bill ought to have been sustained.   The adverse possession of the mortgagee after condition broken, under Code 1892, § 2732; Code 1880, § 2666, has been held to vest an absolute title in the mortgagee.   *Little* v. *Teague,* 60 Miss., 115; *Tuteur* v. *Brown,* 74 Miss., 774 (s.c., 21 South. Rep., 748).

But it is contended that in the instant case the statute has no application, because, the deed of trust being void for failure of the wife to sign it, the relation of mortgagee and mortgagor never existed between the parties.   The contention is that the deed of trust, being void for that reason, is to be treated as though it never existed at all.   Let us examine this contention, and the reasons for its existence, in the light of the statute.   In the first place, we conceive that the statute was passed, among other reasons, for the benefit of the borrowing class, who, it was thought, would be embarrassed in securing needed loans by reason of the fact that, if there were no limitation on the right to redeem, those having money to lend would be slow to extend credit to the borrower.   The policy of the law has been to make it easy for the borrower to obtain credit.   Again, as said by Lord Hardwicke, in 3 Atk., 313, in speaking of the statute of 3 and 4 Will., 27, the rule established thereby was that "after twenty years' possession of the mortgagee, he ought not to be disturbed, or otherwise it would make property precarious, and a mortgagee would be no more than a bailiff to the mortgagor, and subject to an account, which would be a great hardship."

Our present statute is framed upon the statute of 3 and 4 Will., with the exceptions that there is no saving in favor of persons under the disability of minority, and the period of limitation is made ten years instead of twenty years. The reasons for the enactment of our statute are, therefore, the same as those that occasioned the origin of its English prototype—namely, the security of titles and the facilitation of loans; and these reasons are to be borne in mind in applying the statute.

It is obvious, therefore, that the statute deals with the mortgagor and mortgagee, not upon the basis of the validity or invalidity of the original mortgage nor of the foreclosure sale, but upon the existence of the following facts: (1) A debt due from one to another which was contracted upon the faith of the security of certain property, or attempted or intended to be secured thereby; (2) a failure of the debtor to comply with his obligations to pay; (3) possession, on the receipt of the rents and profits, of the premises intended to secure the debt by the creditor for ten years after condition broken without the creditor's having given any written acknowledgment of the title of the debtor.

The statute does not depend for its application upon the existence of a valid mortgage, and it was not intended to cure only such defects as an invalid sale, or no sale, under a good mortgage. It was clearly intended that the ten years' possession should be as effectual to convey title to the mortgagee as a valid sale under a perfectly good mortgage.

The bill does not set up any fraud on the part of appellants' ancestor, H. Woods, Jr.; nor does it negative the existence of a real indebtedness; nor does it aver that the debt was ever paid; nor does it show that the estate of Albert Dozier, deceased, was ever administered upon. And yet the bill wholly fails to make any offer to do equity by tendering payment of the indebtedness mentioned in the deed of trust from Albert Dozier, deceased; and, though praying and accounting for rents, there is no offer to pay the debt of Albert Dozier to H. Woods, Jr., and not even

an offer to have that allowed to appellants on an accounting. The appellees have waited for seventeen years, and until the death of H. Woods, Jr., and until after the debt secured by the trust deed on their lands has been barred by the statute of limitations, and have now asserted a stale claim against the estate of said H. Woods, Jr., without offering to do equity.

*G. J. Rencher,* for appellees.

Before the ancestor of appellants, through whom they claim, can be classified as a mortgagee in possession after condition broken—as contended for, under Code 1892, § 2732—he must have been the beneficiary in a valid mortgage, a mortgage which would be termed and treated by the laws of this state as a binding incumbrance upon the property in question. It is impossible to conceive any way whereby a person can be a mortgagee unless there be a valid mortgage; and especially is this true in the face of legislative enactments and judicial interpretations of the necessary manner and mode of incumbering or conveying the homestead.

The bill alleges that the ancestor of appellants, through whom they claim, was the head of a family, living with his wife and occupying the lands in controversy as a homestead, at the time the deed of trust of H. Woods, Jr., was executed, and the wife of appellants' ancestor did not sign the deed of trust. This allegation is not denied by the answer, but is in fact admitted by the answer. The deed of trust in question was, therefore, absolutely void from the beginning, and the trustee's deed is worthless. It was stillborn. "It was a nullity; it operated nothing. It ran counter to the statute; the statute, like a tyrant, destroyed it." *Gulf, etc., R. R. Co.* v. *Singletary,* 78 Miss., 772 (s.c., 29 South. Rep., 794). "The court will not eat away a wise and most beneficent statute, designed for the welfare, support, and comfort of wives and children, by engrafting any exceptions upon it." *McKenzie* v. *Shows,* 70 Miss., 388 (s.c., 12 South. Rep., 336).

The record presents a clear case of negligence on the part of appellants.    Their motion to amend their answer came too late. The party by whom they proposed to prove the newly-discovered evidence was originally a party to the suit and in possession of the lands in controversy, and with even a small degree of diligence appellants could have ascertained all the facts in Pierce's knowledge.

Argued orally by *R. E. Wilbourn,* for appellants, and by *G. J. Rencher,* for appellees.

WHITFIELD, C. J., delivered the opinion of the court.

Code 1892, § 2732, has no application to a trust deed on a homestead, absolutely null and void by reason of the wife's failure to join in its execution.    Only the ten-year statute as to adverse possession could apply to this suit.    See sec. 2730.    H. Woods, Jr., did not sustain the relation of mortgagee; he took possession of the lands involved in this case as a naked trespasser, and those claiming under him cannot find shelter under Code 1892, § 2732.

The application to amend the answer came too late.    The evidence taken shows inexcusable negligence on the part of appellant Pierce—by whom the newly-discovered evidence was attempted to be proven, and who was originally a party to the suit and in possession of the lands in controversy; and the slightest diligence would have disclosed to the appellants all that Pierce knew at the outset.

The doctrine that he who seeks equity must do equity has no application whatever to the case made by the record.    The homestead was exempt, and descended exempt to the heirs of Dozier.    It would be a mockery of the exemption law, and a perversion of the equitable maxim referred to, to hold that the heirs were bound to tender, with their bill, the debt of their

father, although the homestead which descended to them was absolutely exempt from any debt of the father.

*The decree is affirmed.*